COBB, Judge.
This appeal and subsequent cross-appeal arose as a result of a dissolution action and deals primarily with the custody, visitation, and support of the three minor children of the marriage.
We find only the visitation and relocation issues require discussion. The court’s final judgment of dissolution found that both parents were fit but that the best interests of the children required that the wife have primary residential responsibility. The court *401 held that the wife could return to Connecticut at the end of the school year with the children provided she paid the costs of “transportation” for visitation. The court later stated that the wife was to pay “all costs” associated with the husband’s exercise of visitation. Visitation was actually a split-custody arrangement with each party having the children for one week. This arrangement was to continue even if the wife moved with the children to Connecticut. When the children were in school, visitation by the husband was to take place in Connecticut.
The husband argues that there is no competent evidence to support the judgment which allows the wife to take the children to Connecticut. In Mize v. Mize, 621 So.2d 417 (Fla.1993), the Florida Supreme Court held that as long as relocation by the primary custodian was well-intentioned, the change should ordinarily be approved. Mize set out a laundry list of factors for the court to consider and weigh in making its ultimate decision.[1]
While we do not attempt to reweigh the factors here, we do question the reasonableness of the decision, given the visitation schedule and distances involved. As pointed out by the wife, neither party has the financial resources or time to carry out the visitation schedule as it exists and the visitation schedule is overly burdensome on both parties. Additionally, the visitation schedule adopted by the court essentially renders the relocation a nullity or, at the very least, greatly burdens the wife if she decides to move back to Connecticut.
Because the visitation schedule is unworkable or unreasonable as it currently exists and it is impossible to determine what costs of visitation were intended by the court (transportation costs or all costs), we reverse the visitation portion of the final judgment and remand for reconsideration. In order to maintain cohesiveness within the court’s deliberations on remand, we also reverse that portion of the final judgment dealing with relocation so that this can be reconsidered side-by-side with the visitation issues.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HARRIS, J., concurs.
GRIFFIN, J., concurs in part, dissents in part, with opinion.

. The court must consider: (1) whether the move would be likely to improve the general quality of life for both the primary residential spouse and the children, (2) whether the motive for seeking the move is for the express purpose of defeating visitation, (3) whether the custodial parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements, (4) whether the substitute visitation will be adequate to foster a continuing meaningful relationship between a child or children and the noncustodial parent, (5) whether the cost of transportation is financially affordable by one or both of the parents, and (6) whether the move is in the best interest of the child.